Argued and submitted May 10, appeal dismissed June 30, 1982

In the Matter of the Compensation of
Minnie K. Carter, Claimant, Deceased.
CARTER,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB Case No. 79-04667, CA A23071)

647 P2d 479

Samuel J. Imperati, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun & Green, Portland.

Darrell E. Bewley, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM.

## PER CURIAM.

■ ■    Claimant appeals from a determination by the Workers' Compensation Board refusing to give effect to a claim settlement negotiated between counsel for claimant and counsel for SAIF before claimant's death. At oral argument, we pointed out that, because claimant is deceased, no party was properly before us on the appeal. Accordingly, counsel filed a "Motion to Appoint Deceased Claimant's Personal Representative as Petitioner and Real Party in Interest." Because the personal representative was granted letters of administration in the State of Washington, but not in this state, the Washington personal representative would not be a proper party.[1] The motion is, therefore, denied.

Appeal dismissed.

---

[1] We note two other potential problems here: the evident failure of a proper personal representative to file the settlement with the referee after claimant's death and the apparent lack of claimant's express authorization for or ratification of the act of counsel's entering into a binding settlement. *See Johnson v. Tesky,* 57 Or App 133, 136-37, 643 P2d 1344 (1982).